UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG MATTHEW ROEHRS,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>CALIFORNIA SUPREME COURT,<br><br>　　　　Respondent. | NO. EDCV 13-571-SVW (AGR)<br><br><br>ORDER TO SHOW CAUSE |

　　　On March 27, 2013, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, it appears the one-year statute of limitations has expired.

　　　The court therefore orders Petitioner to show cause, on or before **May 1, 2013**, why this court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

**I.**

**PROCEDURAL BACKGROUND**

On July 14, 2008, Petitioner pled guilty in Riverside County Superior Court to various crimes, and was sentenced to 15 years in prison. (Petition at 2.) Petitioner did not appeal. (*Id.*)

Petitioner filed a state habeas petition in the Superior Court, which was denied on September 19, 2012. (*Id.* at 3-4.) On October 18, 2012, Petitioner filed a state habeas petition in the California Court of Appeal, which was denied on October 26, 2012. (*Id.* at 4.) On four separate occasions in late 2012 and early 2013, Petitioner attempted to file a writ of mandamus in the California Supreme Court, but the court refused to file it. (*Id.* at 4-5.)

On March 20, 2013, Petitioner constructively filed the instant federal petition in this court. (Petition, back of envelope.)

**II.**

**DISCUSSION**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). The only relevant subdivision is (A).

Petitioner was sentenced on July 14, 2008, and did not appeal. (Petition at 2.) Petitioner's conviction therefore became final 60 days later on September 12,

2008.  California Rules of Court 8.308(a) (formerly Rule 30.1).  Absent tolling, the statute of limitations expired on September 14, 2009.[1]

### A.   Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

Because Petitioner did not file his first state habeas petition until sometime in 2012, he is not entitled to statutory tolling.  *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations has expired does not revive the expired limitations period).

Absent equitable tolling, the petition is time-barred.

### B.   Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)).  "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence."  *Id.* at 2565 (citations and quotation marks omitted).  The extraordinary circumstances must have been the cause of an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" circumstances" were the *cause* of [the prisoner's] untimeliness.'"

---

[1] September 12, 2009, fell on a Saturday.

3

*Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

Petitioner does not indicate he is entitled to equitable tolling.

### III.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before *May 1, 2013*, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is advised that if he fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED:  April 2, 2013

ALICIA G. ROSENBERG
United States Magistrate Judge