UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG MATTHEW ROEHRS,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA SUPREME COURT,<br><br>Respondent. | NO. EDCV 13-571-SVW (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

In his Objections, Petitioner argues for the first time that his counsel at sentencing was ineffective. (Objections at 3.)[1]

The statute of limitations may start to run on "the date on which the factual

---

[1] The petition's grounds do not include ineffective assistance of counsel.

predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance.  *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

Petitioner argues that his attorney failed to object to the allegedly incorrect sentence.  (Objections at 3.)  Petitioner knew or should have known the factual predicate of any claim at the time of the hearing, which precedes the date of the finality of his conviction, September 12, 2008.  (Report at 3.)  Therefore, the petition remains time-barred.

Petitioner's remaining objections have no merit.

IT IS ORDERED that judgment be entered denying the petition and dismissing this action with prejudice.

DATED:  June 18, 2013

STEPHEN V. WILSON
United States District Judge